**EXHIBIT F**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GRANT MONTGOMERY, an individual,

    Plaintiff,

v.

STARBUCKS CORPORATION, a foreign
Profit corporation, and JOHN DOE, an
individual,

    Defendants.

Case No. 25-001923-NO
Hon. Edward J. Joseph

---

**THOMAS G. KRALL (P75303)**
**KRALL LAW OFFICES, PLLC**
Attorney for Plaintiff
26640 Harper Ave.
St. Clair Shores, MI 48081
(586) 299-1300; F (586) 299-1309
tom@gokralllaw.com

**DORA A. BRANTLEY (P49088)**
**JEFFREY G. SCHULTZ (P82931)**
**FOSTER, SWIFT, COLLINS & SMITH, PC**
Attorneys for Defendant, Starbucks Corporation
28411 Northwestern Highway, Suite 500
Southfield, MI 48034
(248) 539-9900; F (248) 200-0252
dbrantley@fosterswift.com
jschultz@fosterswift.com
mchristian@fosterswift.com – Assistant

---

### DEFENDANT STARBUCKS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT, SPECIAL AND AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND

**NOW COMES** Defendant, **STARBUCKS CORPORATION** ("Defendant"), by and through its attorneys, **FOSTER, SWIFT, COLLINS & SMITH, PC**, and in Answer to Plaintiff's Complaint, states:

1. In answer to Paragraph 1, Defendant neither admits nor denies the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

1

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

Document received by the MI Wayne 3rd Circuit Court.

2.     In answer to Paragraph 2, Defendant neither admits nor denies the allegation contained therein because it is vague and cannot be understood in its current form, or because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

3.     In answer to Paragraph 3, Defendant neither admits nor denies the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

4.     In answer to Paragraph 4, Defendant denies the allegation contained therein.

5.     In answer to Paragraph 5, Defendant denies all allegations of negligence. Defendant also denies that Plaintiff sustained any injuries or damages which were caused by any of its actions, or any actions of its employees. As to any remaining allegation, Defendant neither admits nor denies same because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

6.     In answer to Paragraph 6, Defendant neither admits nor denies the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

**COUNT I – NEGLIGENCE AS TO BOTH DEFENDANTS**

7.     Defendant hereby restates and incorporates by reference each paragraph set forth above, as though fully set forth herein, and further states:

8.     In answer to Paragraph 8, Defendant again denies all allegations of negligence, or that any of its actions, or any actions of its employees, caused Plaintiff to sustain any injuries or damages. Answering further, Defendant admits it owed all duties defined by law, but denies it owed any other alleged duties, expressed or implied. As to any remaining allegation, Defendant neither admits nor denies same because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

2

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

Document received by the MI Wayne 3rd Circuit Court.

9. In answer to Paragraph 9, Defendant again denies all allegations of negligence. Defendant also again denies that Plaintiff sustained any injuries or damages which were caused by of its actions, or any actions of its employees. As to any remaining allegation, Defendant neither admits nor denies same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

10. In answer to Paragraph 10, Defendant neither admits nor denies the allegation contained therein because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

11. In answer to Paragraph 11, Defendant again denies all allegations of negligence. Defendant also again denies that Plaintiff sustained any injuries or damages which were caused by any of its actions, or any actions of its employees. As to any remaining allegation, Defendant neither admits nor denies same because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

**WHEREFORE**, Defendant denies Plaintiff's claim for Judgment in any amount whatsoever, and prays for a Judgment in its favor of no cause for action, together with costs and attorney fees so wrongfully incurred.

## COUNT II—RESPONDEAT SUPERIOR

12. Defendant hereby restates and incorporates by reference each paragraph set forth above, as though fully set forth herein, and further states:

13. In answer to Paragraph 13, Defendant again denies all allegations of negligence. Defendant also again denies that Plaintiff sustained any injuries or damages which were caused by any of its actions, or any actions of its employees. As to any remaining allegation, Defendant denies same also.

3

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

Document received by the MI Wayne 3rd Circuit Court.

14. In answer to Paragraph 14, Defendant again denies all allegations of negligence. Defendant also again denies that Plaintiff sustained any injuries or damages which were caused by any of its actions, or any actions of its employees. As to any remaining allegation, Defendant denies same also.

15. In answer to Paragraph 15, Defendant again denies all allegations of negligence. Defendant also again denies that Plaintiff sustained any injuries or damages which were caused by any of its actions, or any actions of its employees. As to any remaining allegation, Defendant neither admits nor denies same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

16. In answer to Paragraph 16, Defendant again denies all allegations of negligence. Defendant also again denies that Plaintiff sustained any injuries or damages which were caused by any of its actions, or any actions of its employees. As to any remaining allegation, Defendant neither admits nor denies same because it is vague or because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

17. In answer to Paragraph 17, Defendant again denies all allegations of negligence. Defendant also again denies that Plaintiff sustained any injuries or damages which were caused by any of its actions, or any actions of its employees. As to any remaining allegation, Defendant neither admits nor denies same because of insufficient information upon which to form a belief. Plaintiff is left to his proofs.

**WHEREFORE**, Defendant denies Plaintiff's claim for Judgment in any amount whatsoever, and prays for a Judgment in its favor of no cause for action, together with costs and attorney fees so wrongfully incurred.

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

Document received by the MI Wayne 3rd Circuit Court.

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

Document received by the MI Wayne 3rd Circuit Court.

Respectfully submitted,

**FOSTER, SWIFT, COLLINS & SMITH, PC**

By: /s/ Dora A. Brantley
**DORA A. BRANTLEY (P49088)**
Attorneys for Defendant, Starbucks Corporation
28411 Northwestern Highway, Suite 500
Southfield, MI  48034
(248) 539-9900

Dated: March 13, 2025

## DEFENDANT STARBUCKS CORPORATION'S RESERVATION OF SPECIAL AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, **STARBUCKS CORPORATION**, by and through its attorneys, **FOSTER, SWIFT, COLLINS & SMITH, PC**, and in further answering Plaintiff's Complaint, states as follows:

Defendant's investigation and discovery is just beginning and, therefore, Defendant does not know at present all of the following Special and Affirmative Defenses which will be supported by the proofs. Defendant gives notice of its reservation of the following Special and Affirmative Defenses to preserve them and avoid waiver of them.

1.      Defendant incorporates its Answer to Plaintiff's Complaint.

2.      Plaintiff has failed to state a claim upon which legal relief can be granted and Defendant is entitled to Judgment as a matter of law. Among other issues, there is no objective evidence that the lid of the cup was not properly secured to the cup when the cup was allegedly served to Plaintiff.

3.      The alleged injuries and damages of Plaintiff are the direct and proximate result of Plaintiff's own acts/omissions, and/or the acts/omissions of others who have no legal relationship

5

to Defendant. Among other issues, Plaintiff and/or others failed to exercise reasonable care and caution for Plaintiff's safety before, during and after the incident in question, or otherwise.

4. Defendant, its employees and legal agents, did not breach any duty owed to Plaintiff. All legal duties owed to Plaintiff were complied with.

5. Plaintiff failed to provide timely notice of the alleged incident.

6. Plaintiff's alleged injuries and damages may be exaggerated and/or otherwise may not be causally related to the alleged incident in question.

7. Defendant denies that it is legally responsible to Plaintiff as alleged. However, should Defendant be held liable for Plaintiff's alleged injuries and damages, Defendant claims a set off or is otherwise entitled to credit for sums Plaintiff has received or is entitled to receive representing expenses arising out of the medical care, rehabilitation services, loss of earnings, loss of earning capacity, or other economic loss, including but not limited to benefits received or receivable from insurance policies or otherwise.

8. Plaintiff may have failed in his duty to mitigate his damages. Among other issues, Plaintiff may have failed to seek timely or recommended medical care, and/or failed to take any or appropriate action in an attempt to reduce or eliminate any alleged scarring or pigment changes.

9. Plaintiff may have had an impaired ability to function, and as a result of that impaired ability to function, Plaintiff was at least 50% at fault for the alleged incident. As a result, Plaintiff's claim is barred.

10. The preparation, assembly, inspection and/or production involving the product at issue, including but not limited to the temperature of the product, was done pursuant to and in accordance with generally recognized and prevailing industry and/or governmental and/or other applicable standards in existence at the time the product was allegedly sold to Plaintiff.

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

Document received by the MI Wayne 3rd Circuit Court.

Defendant reserves its right to add to, modify, change or otherwise amend any or all of its Affirmative Defenses as the facts and circumstances become better known to it through the course of discovery.

Respectfully submitted,

**FOSTER, SWIFT, COLLINS & SMITH, PC**

By: /s/ Dora A. Brantley
**DORA A. BRANTLEY (P49088)**
Attorneys for Defendant, Starbucks Corporation
28411 Northwestern Highway, Suite 500
Southfield, MI  48034
(248) 539-9900

Dated: March 13, 2025

## DEFENDANT STARBUCKS CORPORATION'S RELIANCE ON PLAINTIFF'S JURY DEMAND

**NOW COMES** Defendant **STARBUCKS CORPORATION,** by and through its attorneys, **FOSTER, SWIFT, COLLINS & SMITH, PC,** and hereby relies upon the Jury Demand filed by Plaintiff in this action.

Respectfully submitted,

**FOSTER, SWIFT, COLLINS & SMITH, PC**

By: /s/ Dora A. Brantley
**DORA A. BRANTLEY (P49088)**
Attorneys for Defendant, Starbucks Corporation
28411 Northwestern Highway, Suite 500
Southfield, MI  48034
(248) 539-9900

Dated: March 13, 2025

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

Document received by the MI Wayne 3rd Circuit Court.

7

## CERTIFICATE OF SERVICE

I, Monika Christian, hereby certify and say that I am employed by the law firm of FOSTER, SWIFT, COLLINS & SMITH, PC, and that on the 13th day of March, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the MiFile E-filing system which will send notification of such filing to all counsel of record.

I declare that the statements above are true to the best of my information, knowledge and belief.

/s/ Monika Christian

FOSTER SWIFT COLLINS & SMITH PC || ATTORNEYS

Document received by the MI Wayne 3rd Circuit Court.

8